IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

—————————————————————
                                                    }
Thomas Pimentel d/b/a Dracut Electric,              }
          *Plaintiff,*                              }          Civil Action No.
                                                    }
                  v.                                }
                                                    }
Stephen Pagliccia and                               }          JURY TRIAL DEMANDED
Dracut Electric LLC,                                }
          *Defendants.*                             }
—————————————————————                               }

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND UNFAIR AND DECEPTIVE PRACTICES IN TRADE

Plaintiff Thomas Pimentel d/b/a Dracut Electric commences this action against Defendants Stephen Pagliccia and Dracut Electric LLC seeking relief and redress from Defendants' wrongful, infringing, and harassing course of conduct against Plaintiff and his family, that conduct ultimately leading to Defendants' attempt to appropriate Plaintiff's long-used DRACUT ELECTRIC trademark.

Plaintiff seeks injunctive relief, damages, and an accounting, pleading trademark infringement, false designation of origin, unfair competition, and unfair and deceptive acts and practices under the common law of the Commonwealth of Massachusetts, under M.G.L. Chapter 93A, § 11, and under 15 U.S.C. § 1125(a).

### The Parties

1)    Plaintiff Thomas Pimentel d/b/a Dracut Electric is an individual Massachusetts resident with an address at 122 Old Parker Road, Dracut, Massachusetts 01826.  Plaintiff is the sole

1

owner of the DRACUT ELECTRIC trademark and the goodwill associated therewith, including the right to sue and recover damages for past infringement.

2)     Plaintiff is informed and believes, and on that basis alleges, that Defendant Stephen Pagliccia is an individual Massachusetts resident with an address at 443 Methuen Street, Dracut, Massachusetts 01826.

3)     Plaintiff is informed and believes, and on that basis alleges, that Defendant Dracut Electric LLC is a Massachusetts Limited Liability Company with a principal place of business at 443 Methuen Street, Dracut, Massachusetts  01826.

### *Jurisdiction and Venue*

4)     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338 because the claims for trademark infringement, false designation of origin, and unfair competition raised herein pursuant to Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) arise under the laws of the United States.

5)     This Court has supplemental jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367 because the state and common law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6)     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c).

7)     This Court has personal jurisdiction over Defendant Pagliccia because he is a resident of this District.

8)     This Court has personal jurisdiction over Defendant Dracut Electric LLC because Dracut Electric LLC is formed under the laws of the Commonwealth of Massachusetts, has its

2

principal place of business in this District, and has a continuous, systematic, and substantial presence within this judicial district.

### *Factual Allegations*

### *Plaintiff's longstanding use of the DRACUT ELECTRIC trademark and acquisition of trademark rights thereto*

9)      Plaintiff has used the DRACUT ELECTRIC trademark continuously in interstate commerce and commerce with an effect on interstate commerce since at least as early as 2007 in providing high-quality electrical services to residential, commercial, academic, and other consumers in Massachusetts and beyond.  (See, e.g., Exhibit G:  Official Government Records comprising Town of Dracut Business Certificate Registrations with a first date of notarization of February 23, 2007.)

10)      Plaintiff had thus been using the DRACUT ELECTRIC mark for well more than fifteen years before the first trademark by Defendants alleged to be infringing herein.

11)      The DRACUT ELECTRIC mark has the inherent capacity to identify Plaintiff as the source of the goods and services rendered thereunder such that the mark is inherently distinctive, and the DRACUT ELECTRIC mark acquired distinctiveness prior to the trademark usage by Defendants complaint of herein and, as such, qualifies for protection pursuant to, inter alia, 15 U.S.C. § 1125(a) and Massachusetts common law.

12)      The DRACUT ELECTRIC mark has acquired further distinctiveness through, *inter alia,* Plaintiff's significant advertising efforts, through consumer recognition linking the trademark to Plaintiff as the particular source of goods and services, through substantial sales

successes, through unsolicited coverage on social media and otherwise, and through the years of exclusive use of the same, all before the infringing activity complained of herein.

13)     Indeed, Defendants' attempts to capitalize on the value and distinctiveness of the DRACUT ELECTRIC mark by copying the same evidences the inherent and acquired distinctiveness and value of the same.

14)     Without limiting its arguments, Plaintiff alleges at least the following have further ensured that, since prior to Defendants' first wrongful conduct as complained of herein, when consumers see the DRACUT ELECTRIC trademark, they immediately associate the goods or services offered with Plaintiff:

    a.  Since at least as early as 2007 and continuously thereafter, the DRACUT ELECTRIC mark has been in exclusive usage in Plaintiff's geographic area;

    b.  Plaintiff has engaged in ongoing advertising and marketing at great effort designed to foster the association between the DRACUT ELECTRIC mark and Plaintiff's goods and services in the minds of consumers prior to Defendants' actions as complained of herein including but not limited to the following:

        i.  Through extensive social media posts and in physical and online displays and advertisements with the purpose and effect of creating a conscious connection in consumers' minds between Plaintiff's DRACUT ELECTRIC trademark and Plaintiff's goods and services;

        ii.  Through signage and other usage throughout Plaintiff's geographic area of operation;

    iii.  Through the prominent display and promotion of the DRACUT ELECTRIC mark on and in relation to Plaintiff's work vehicle and on clothing as shown, for instance, in Exhibit A with it being noted that employees and others commonly wear and display DRACUT ELECTRIC gear in public and post images of themselves wearing and using the same to social media and other online and in-person resources;

    iv.  Through Plaintiff's estimates and invoicing where the DRACUT ELECTRIC mark has been prominently displayed for many years prior to Defendants' first usage as complained of herein;

  c.  Through unsolicited social media and other coverage and widespread actual consumer recognition;

  d.  Through substantial sales of Plaintiff's goods and services for many years prior to the first wrongful conduct of Defendants as will be proven at trial.

15)   The promotional signage on Plaintiff's work vehicles continuously displayed and promoted the DRACUT ELECTRIC trademark throughout the streets, driveways, parking lots, and other locations of Plaintiff's geographic area of operation for well more than fifteen years before Defendants wrongfully sought to appropriate the same. Multiple examples of Plaintiff's display and promotion of the Dracut Electric mark as further promoted via social media are shown below and included within Exhibit A.



*Social media image evidencing promotion of the DRACUT ELECTRIC trademark throughout Plaintiff's geographic area of operation*



*Further promotion of the DRACUT ELECTRIC trademark through direct physical signage and online promotion showing focusing of marketing efforts under the DRACUT ELECTRIC mark*



*2016 promotion of the DRACUT ELECTRIC trademark on mobile signage and on branded*
*DRACUT ELECTRIC gear pointing consumers to Plaintiff's online presence*
*"like us on facebook"*




*Promotion of the DRACUT ELECTRIC trademark via branded DRACUT ELECTRIC gear as*
*viewed by consumers in person and online*



*Social media post showing use and promotion of the DRACUT ELECTRIC trademark more than twelve (12) years prior to Defendants' wrongful attempts to appropriate the same*

16)    Through Plaintiff's substantial, continuous, and exclusive usage and through extensive advertising, promotion, and social media and other exposure and great effort relating thereto, as will be further shown at trial, the DRACUT ELECTRIC mark acquired substantial goodwill, consumer recognition, and further distinctiveness, becoming a well-known source identifier to consumers throughout Plaintiff's geographic area of operation long prior to the first infringing use and attempt to wrongfully appropriate the DRACUT ELECTRIC mark by Defendants.

17)    When consumers see DRACUT ELECTRIC mark used in offering goods or services, they associate the same with Plaintiff not only due to the distinctiveness inherent in the same but also due to the further distinctiveness that has been acquired by years of exclusive usage prior to Defendants' first usage as complained of herein, including through Plaintiff's significant

advertising promoting the mark, through substantial commercial success of Plaintiff in the sales of goods and services, and through unsolicited social media and other coverage.

18)    The DRACUT ELECTRIC trademark and branding are valuable not only to Plaintiff but also to consumers who rely on the same to identify Plaintiff as the source of goods and services offered under the mark.

19)    By virtue of Plaintiff's longstanding, exclusive use of the DRACUT ELECTRIC trademark together with Plaintiff's investment in the same through substantial effort and expense, Plaintiff is the owner of common law rights in the DRACUT ELECTRIC trademark, and the DRACUT ELECTRIC trademark is Plaintiff's valuable intellectual property.

### *Defendants' Infringing and Wrongful Acts*

20)    Defendant Stephen Pagliccia embarked on an escalating campaign of harassment against Plaintiff and Plaintiff's family that ultimately culminated in Defendants' attempt to appropriate Plaintiff's DRACUT ELECTRIC trademark and the valuable goodwill associated therewith.

21)    Indeed, Defendant Stephen Pagliccia, formerly married to Plaintiff's wife's sister, harassed Plaintiff and his family to the point where police and court intervention were required.

22)    A true and accurate copy of a Harassment Prevention Order entered by the Lowell District Court pursuant to M.G.L. c. 258E is appended as Exhibit B where Defendant Stephen Pagliccia was ordered "NOT TO ABUSE THE PLAINTIFF [Thomas Pimentel] by harming or attempting to harm the Plaintiff physically or by placing the Plaintiff in fear of imminent serious physical harm" with Defendant being warned that "VIOLATION OF THIS ORDER IS A CRIMINAL OFFENSE punishable by imprisonment or fine or both."

23)     Despite the Harassment Prevention Order, Defendant Stephen Pagliccia continued his course of harassment of Plaintiff and his family.

24)     In one instance, as reflected in the police report of Exhibit C, video footage viewed by a responding police officer showed "a newer white Cadillac Escalade" stopped in front of Plaintiff's home late at night.  The "newer white Cadillac Escalade" then peeled out recklessly and in an intentionally threatening manner "leaving tire marks in the roadway."  When Plaintiff reported that he had a Harassment Prevention Order relative to Defendant and that Defendant owned just such a newer white Cadillac Escalade, the officer proceeded to Defendant's home where he found the white Cadillac Escalade and relayed that a vehicle of a matching description peeled out in front of Plaintiff's residence.  Exhibit C.  Defendant responded by yelling, "tell them they can suck my [expletive]!" and "they wish they could drive a car as nice as that!"  Id.  Defendant then indicated he would like to show the police "surveillance footage of his Escalade being parked in the driveway all night."  Id.  However, when the footage was viewed, "there was a time gap between approximately 2015-2115 hours that had no footage", coincidentally the exact time range during which the "newer white Cadillac Escalade" menaced Plaintiff and his family.  Id.

25)     Further reported incidents of Defendant Stephen Pagliccia's calculated course of conduct with the purpose and effect of harassing, intimidating, and inflicting emotional distress on Plaintiff and his family include the following:

> A.     attempting to run Plaintiff's son off of the road (as reported to the police);
>
> B.     harassing children at Plaintiff's home (as reported to the police);
>
> C.     threatening to beat Plaintiff (as reported to the police),
>
> D.     demanding that Plaintiff cease using Plaintiff's *own* DRACUT ELECTRIC trademark; and

E.      following Plaintiff while driving and yelling at Plaintiff (as reported to police).

26)      Defendant Stephen Pagliccia's ongoing harassment, intimidation, and disruption of everyday life have inflicted severe emotional distress on Plaintiff and his family as Defendant unmistakably intended.

27)      When harassing and intimidating Plaintiff and his family apparently proved not to be enough, Defendant Stephen Pagliccia opted to strike at the heart of Plaintiff's livelihood by attempting to adopt and appropriate the DRACUT ELECTRIC brand that Plaintiff had worked decades to build in his community.

28)      More particularly, having operated for years as Pagliccia Electric, Defendant Pagliccia sought to harm Plaintiff further by organizing an entity under the name Dracut Electric LLC on or about January 26, 2023 (Exhibit D:  Certificate of Organization), and Defendant began advertising under and using the DRACUT ELECTRIC trademark, such as is shown below.



*Defendants' wrongful use of the DRACUT ELECTRIC trademark*

29)     In a truly extraordinary display of his intent to harm Plaintiff, just three days after wrongfully forming the Dracut Electric LLC entity, Defendant Stephen Pagliacca sent Plaintiff the following email, which is also appended as Exhibit F:



**From:** Stephen Pagliccia
**Sent:** Sunday, January 29, 2023 7:34 PM
**To:** dracutelectric@gmail.com
**Subject:** Company name

To whom this concern. Hope this email finds you well. We are asking you to stop all advertising and work under our company name. Please shut down your Facebook page and remove all lettering you may have on any vehicles. We will give you 1 week to do so or we will get our attorneys involved in this matter. Thank you.

30)     Defendant thus extended his campaign of harassment beyond his previous physical threats and menacing of Plaintiff and his family to demanding that Plaintiff cease using *Plaintiff's own trademark*—the very mark to which Plaintiff had devoted years of his life building in goodwill and value—simply based on Defendant's illogical belief that wrongfully adopting the DRACUT ELECTRIC mark and forming an LLC could seize Plaintiff's hard-earned, established rights.

31)     Defendants Stephen Pagliccia and his newly-formed Dracut Electric LLC have, therefore, used Plaintiff's exact DRACUT ELECTRIC trademark in relation to identical services in the identical geographic area in which Plaintiff had used the DRACUT ELECTRIC mark for well over fifteen years.

32)     Defendants' use of the identical DRACUT ELECTRIC mark on identical services and in the identical geographic area is likely to confuse and deceive consumers as to the source of the goods and services rendered thereunder to the harm of Plaintiff and to the consumers so

12

confused and deceived.

33)    Defendant Stephen Pagliccia is the sole manager and, on information and belief, the sole founder or Defendant Dracut Electric LLC.

34)    Defendant Stephen Pagliccia personally participated in and/or directed Defendant Dracut Electric LLC's wrongful conduct.

35)    Defendants Stephen Pagliccia and Dracut Electric LLC acted in a willful and intentional manner to harm Plaintiff, to infringe Plaintiff's DRACUT ELECTRIC trademark rights, and otherwise to compete unfairly and engage in unfair and deceptive acts against Plaintiff.

36)    Defendant Stephen Pagliccia is the singular moving, active, and conscious force behind the wrongful conduct of Defendant Dracut Electric LLC complained of herein.

37)    Defendants copied and adopted the DRACUT ELECTRIC trademark in bad faith and with the purpose and effect of harming Plaintiff, of unfairly profiting off of Plaintiff's goodwill, and of confusing and deceiving consumers.

38)    Defendants' formation and municipal recordation of Dracut Electric LLC have further harmed Plaintiff by threatening Plaintiff's trademark rights and rights to use the DRACUT ELECTRIC mark in commerce.

39)    By the use of the identical DRACUT ELECTRIC trademark, which is of course confusingly similar to Plaintiff's DRACUT ELECTRIC mark, and by Defendants other purposeful activities, Defendants Stephen Pagliccia and Dracut Electric LLC have engaged in a course of conduct designed and implemented to confuse, deceive, and harm consumers, to induce a false association between Plaintiff and Defendants, and to harm Plaintiff, and Defendants are likely to continue this course of conduct and to cause further confusion, deception, and mistake and further harm to Plaintiff's valuable rights if permitted.

40)      Seeking to avoid the need for the present litigation, Plaintiff (by and through counsel) sent Defendants the letter of Exhibit E demanding, *inter alia*, that Defendants cease use of the DRACUT ELECTRIC trademark (including by changing the name of Defendant Dracut Electric LLC), that Defendants take steps to alleviate the confusion and deception caused, and that Defendants cease Defendants' harassing behavior.

41)      Defendants refused to comply with Plaintiff's requests to cease their infringing and wrongful conduct so that Plaintiff was left with no other option but to file the present action to seek redress of and respect of Plaintiff's rights.

## Count I
### False Designation of Origin and Unfair Competition by Defendant Stephen Pagliccia in Violation of 15 U.S.C. § 1125(a)

42)      Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 through 41 above.

43)      The DRACUT ELECTRIC mark is valid and legally protectable, including through its inherent and acquired distinctiveness, and it is owned by Plaintiff Thomas Pimentel.

44)      Without Plaintiff's consent, Defendant Stephen Pagliccia has personally participated in and/or directed the use in United States Commerce and use with an effect on United States Commerce, on or in connection with plural goods and services, words, terms, names, symbols, devices and/or combinations thereof and/or false designations of origin that are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Dracut Electric LLC and/or Defendant Stephen Pagliccia with Plaintiff Thomas Pimentel, or as to the origin, sponsorship, or approval of Defendant Dracut Electric LLC's and/or Defendant Stephen Pagliccia's goods, services, or commercial activities.

14

45)     Without limiting the foregoing, Defendant Stephen Pagliccia has personally participated in and/or directed the use in United States Commerce of the trademark DRACUT ELECTRIC, which is confusingly similar to Plaintiff's identical trademark DRACUT ELECTRIC, without Plaintiff's consent in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendant Dracut Electric LLC's and/or Defendant Stephen Pagliccia's products and services constitutes unfair competition and a false designation of origin tending wrongfully and falsely to suggest a connection between Plaintiff Thomas Pimentel's and Defendant Dracut Electric LLC's and/or Defendant Stephen Pagliccia's goods and services.

46)     Defendant Stephen Pagliccia had actual knowledge of Plaintiff's ownership and prior use of the DRACUT ELECTRIC mark and has acted knowingly, willfully, and maliciously with intent to trade upon Plaintiff's goodwill and to harm Plaintiff.

47)     Defendant Stephen Pagliccia's wrongful acts as alleged herein constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

48)     Defendant Stephen Pagliccia's continuing wrongful conduct has been willful and deliberate, which renders this an exceptional case within the meaning of 15 U.S.C. § 1117.

49)     As a direct and proximate result of Defendant Stephen Pagliccia's actions, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

50)     As a direct and proximate result of Defendant Stephen Pagliccia's actions, Plaintiff has suffered and continues to suffer great and irreparable injury for which Plaintiff has no adequate remedy at law.

51)     Defendant Stephen Pagliccia will continue his actions constituting false designation of origin and unfair competition unless enjoined by this Court.

***Count II***
***False Designation of Origin and Unfair Competition by Defendant Dracut Electric LLC in***
***Violation of 15 U.S.C. § 1125(a)***

52)     Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 through 51 above.

53)     The DRACUT ELECTRIC mark is valid and legally protectable, including through its inherent and acquired distinctiveness, and it is owned by Plaintiff Thomas Pimentel.

54)     Without Plaintiff's consent, Defendant Dracut Electric LLC has used in United States Commerce and used with an effect on United States Commerce, on or in connection with plural goods and services, words, terms, names, symbols, devices and/or combinations thereof and/or false designations of origin that are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Dracut Electric LLC with Plaintiff Thomas Pimentel, or as to the origin, sponsorship, or approval of Defendant Dracut Electric LLC's goods, services, or commercial activities.

55)     Without limiting the foregoing, Defendant Dracut Electric LLC's use in United States Commerce of the trademark DRACUT ELECTRIC, which is confusingly similar to Plaintiff's identical trademark DRACUT ELECTRIC, without Plaintiff's consent in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendant Dracut Electric LLC's products and services constitutes unfair competition and a false designation of origin tending wrongfully and falsely to suggest a connection between Plaintiff Thomas Pimentel's and Defendant Dracut Electric LLC's goods and services.

56)     Defendant Dracut Electric LLC had actual knowledge of Plaintiff's ownership and prior use of the DRACUT ELECTRIC mark and has acted knowingly, willfully, and maliciously

16

with intent to trade upon Plaintiff's goodwill and to harm Plaintiff.

57)    Defendant Dracut Electric LLC's wrongful acts as alleged herein constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

58)    Defendant Dracut Electric LLC's continuing wrongful conduct has been willful and deliberate, which renders this an exceptional case within the meaning of 15 U.S.C. § 1117.

59)    As a direct and proximate result of Defendant Dracut Electric LLC's actions, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

60)    As a direct and proximate result of Defendant Dracut Electric LLC's actions, Plaintiff has suffered and continues to suffer great and irreparable injury for which Plaintiff has no adequate remedy at law.

61)    Defendant Dracut Electric LLC will continue its actions constituting false designation of origin and unfair competition unless enjoined by this Court.

### Count III
### *Trademark Infringement by Defendant Stephen Pagliccia*
### *under Massachusetts Common Law*

62)    Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 through 61 above.

63)    Plaintiff is the sole owner of all right, title, and interest in and to the valid and legally protectable DRACUT ELECTRIC trademark under Massachusetts common law, including the right to sue and recover for past infringement, and Plaintiff has the authority to bring this suit.

64)    Without permission, Defendant Stephen Pagliccia has personally participated in

and/or directed the use in commerce of reproductions, copies, or colorable imitations of Plaintiff's DRACUT ELECTRIC trademark in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendant Stephen Pagliccia's and/or Defendant Dracut Electric LLC's products and services in the Commonwealth of Massachusetts.

65)     Defendant Stephen Pagliccia's and/or Defendant Dracut Electric LLC's use of reproductions, copies, or colorable imitations of the DRACUT ELECTRIC trademark is likely to cause confusion, or to cause mistake, or to deceive and constitutes trademark infringement under Massachusetts common law.

66)     Defendant Stephen Pagliccia's wrongful acts as alleged herein were committed with knowledge or in bad faith

67)     Despite written notice, Defendant Stephen Pagliccia has personally participated in and/or directed such activities with the purpose and effect of unfairly competing against Plaintiff, of trading upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and of deceiving consumers into believing that Defendant Stephen Pagliccia's and/or Defendant Dracut Electric LLC's products and services are associated with, sponsored by, originated from, or are approved by Plaintiff.

68)     As a direct and proximate result of Defendant Stephen Pagliccia's actions, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

69)     As a direct and proximate result of Defendant Stephen Pagliccia's actions, Plaintiff has suffered and continues to suffer great and irreparable injury for which Plaintiff has no adequate remedy at law.

70)     Defendant Stephen Pagliccia will continue his actions constituting trademark infringement unless enjoined by this Court.

***Count IV***
***Trademark Infringement by Defendant Dracut Electric LLC***
***under Massachusetts Common Law***

71)     Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 through 70 above.

72)     Plaintiff is the sole owner of all right, title, and interest in and to the valid and legally protectable DRACUT ELECTRIC trademark under Massachusetts common law, including the right to sue and recover for past infringement, and Plaintiff has the authority to bring this suit.

73)     Without permission, Defendant Dracut Electric LLC has used in commerce reproductions, copies, or colorable imitations of Plaintiff's DRACUT ELECTRIC trademark in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendant Dracut Electric LLC's products and services in the Commonwealth of Massachusetts.

74)     Defendant Dracut Electric LLC's use of reproductions, copies, or colorable imitations of the DRACUT ELECTRIC trademark is likely to cause confusion, or to cause mistake, or to deceive and constitutes trademark infringement under Massachusetts common law.

75)     Defendant Dracut Electric LLC's wrongful acts as alleged herein were committed with knowledge or in bad faith

76)     Despite written notice, Defendant Dracut Electric LLC has engaged in such activities with the purpose and effect of unfairly competing against Plaintiff, of trading upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and of deceiving consumers into believing that Defendant Dracut Electric LLC's products and services are associated with, sponsored by, originated from, or are approved by

19

Plaintiff.

77)    As a direct and proximate result of Defendant Dracut Electric LLC's actions, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

78)    As a direct and proximate result of Defendant Dracut Electric LLC's actions, Plaintiff has suffered and continues to suffer great and irreparable injury for which Plaintiff has no adequate remedy at law.

79)    Defendant Dracut Electric LLC will continue its actions constituting trademark infringement unless enjoined by this Court.

### Count V
### Unfair Methods of Competition and/or Unfair or Deceptive Acts or Practices under Massachusetts General Laws Chapter 93A, § 11

80)    Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 through 79 above.

81)    By their actions as complained of herein, Defendant Dracut Electric LLC and Defendant Stephen Pagliccia by his personal participation in and/or direction of the activities of Defendant Dracut Electric LLC have engaged in unfair methods of competition and unfair and deceptive acts or practices in trade or commerce declared unlawful by Massachusetts General Laws Chapter 93A, §§ 2 and 11 or by rule or regulation issued under paragraph (c) of that § 2 or by that § 11.

82)    The actions and transactions constituting the unfair method of competition and/or the unfair or deceptive acts or practices complained of herein occurred primarily and substantially within the Commonwealth of Massachusetts.

20

83)      As a direct and proximate result of Defendant Dracut Electric LLC's and Defendant Stephen Pagliccia's actions, Plaintiff has been damaged.

84)      As a direct and proximate result of Defendant Dracut Electric LLC's and Defendant Stephen Pagliccia's actions, Plaintiff has suffered and continues to suffer great and irreparable injury for which Plaintiff has no adequate remedy at law.

85)      Defendant Dracut Electric LLC's and Defendant Stephen Pagliccia's actions as complained of herein were and are willful and/or knowing violations of Massachusetts General Laws Chapter 93A, § 11 whereby, should the Court find for Plaintiff, recovery should be up to three, but not less than two, times the amount of Plaintiff's actual damages together with reasonable attorneys' fees and costs incurred.

### Demand for Jury Trial

Plaintiff most respectfully demands a trial by jury on all issues so triable.

### Prayers for Relief

WHEREFORE, Plaintiff claims damages and prays that judgment be entered in Plaintiff's favor against each of Defendants Stephen Pagliccia and Dracut Electric LLC and that Plaintiff be granted the following relief:

A)  Judgment in favor of Plaintiff and against each of Defendants Stephen Pagliccia and Dracut Electric LLC on all counts;

B)  An Order permanently enjoining each of Defendants Stephen Pagliccia and Dracut Electric LLC and their agents, servants, employees, representatives, successors, and assigns, and all

persons, firms, or corporations in active concert or participation with either Defendant from engaging in infringement of the DRACUT ELECTRIC trademark;

D)   An Order permanently enjoining each of Defendants Stephen Pagliccia and Dracut Electric LLC and their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with either Defendant from the actions and transactions constituting the unfair methods of competition and/or the unfair or deceptive acts or practices complained of herein;

E)   An Order for the immediate seizure of all infringing materials in the care, custody, or control of either Defendant;

F)   An Order compelling Defendants to deliver up all advertisements and other materials bearing any infringing trademark;

G)   An Order compelling Defendants to dissolve and/or permanently change the name of Defendant Dracut Electric LLC to a trade name not identical to or confusingly similar with the DRACUT ELECTRIC trademark;

H)   An Order compelling Defendants to surrender each state, town, licensing, or other registration or recordation of any business name or other usage of DRACUT ELECTRIC or any name confusingly similar thereto;

I)   An award of Defendants' profits, the damages sustained by Plaintiff, and the costs of the action, together with prejudgment and post-judgment interest for Defendants' wrongful actions pursuant to 15 U.S.C. § 1117;

J)   an award of amplified damages in an amount of three times the damages caused by

Defendants based on the exceptional nature of this case within the meaning of 15 U.S.C. § 1117, based on Defendants' commission of the wrongful acts complained of herein with knowledge or in bad faith, and based on Defendants' willful and/or knowing violations of Massachusetts General Laws Chapter 93A;

K)  an award of attorneys' fees as permitted by law;

L)  an award of pre-judgment, judgment, and post-judgment interest as allowed by law;

M)  an award of all litigation costs and expenses incurred by Plaintiff in connection with this controversy; and

N)  such further relief as the Court deems fair and/or equitable in this case.

Dated:  June 6, 2023

Respectfully submitted,

Plaintiff Thomas Pimentel
d/b/a Dracut Electric,
by his Attorney,

*/Thomas P. O'Connell/*
Thomas P. O'Connell
BBO # 567,644
*O'Connell Law Office*
tpo@oconnellusa.com
1026A Massachusetts Avenue
Arlington, MA 02476
Telephone: 781.643.1845
Facsimile: 781.643.1846